IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| NICHOLAS L. ABEL, #A6113702, Plaintiff, vs. DONALD J. TRUMP, Defendants. | ) | CIV. NO. 20-00075 LEK-WRP DISMISSAL ORDER |

**DISMISSAL ORDER**

Before the Court is pro se Plaintiff Nicholas L. Abel's first amended prisoner civil rights complaint brought against President Donald J. Trump pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).[1] *See* Am. Compl., ECF No. 14.[2] Plaintiff is incarcerated at the Kauai Community Correctional Center ("KCCC").

Plaintiff again provides no discernable, non-frivolous facts to support his allegation that President Trump violated his civil rights. Plaintiff's amended Complaint and this action are DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).

---

[1] Plaintiff previously filed *Abel v. Trump*, Civ. No. 20-00050 JMS-RT (D. Haw. Jan. 31, 2020), alleging that President Trump and others implanted a transmitter into his brain to communicate with him. This action was dismissed with prejudice as frivolous on Feb. 5, 2020. *See id.*, ECF No. 3.

[2] For clarity, the court refers to the Federal Judiciary Case Management/Electronic Case Filing ("CM/ECF") numbering and pagination system for filed documents.

## I. LEGAL STANDARDS

The court is required to screen all prisoner pleadings pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (*en banc*); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

To state a claim under *Bivens*, and its progeny, Plaintiff must allege: (1) that a right secured by the Constitution of the United States was violated, and (2) that the alleged violation was committed by a federal actor. *See Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991) (stating 42 U.S.C. § 1983 and *Bivens* actions are identical save for replacement of state actor under section 1983 by federal actor under *Bivens*).

## II. PLAINTIFF'S CLAIM

Plaintiff originally alleged that President Trump violated his rights under the Fourth Amendment, without further support. *See* Compl., ECF No. 1 at #4,#7. Plaintiff now clarifies this claim by alleging that President Trump

> Against my will, along with others unknown at this time, physically stole bone marrow from my left limb cavity and my right limb cavity. – Nothing Further (EMD) There is verifiable evidence[.]
>
> On record, Donald J. Trump is the acting

> President of the United States. By and through -self-, he (Donald Trump) has denied me medical care through agents of the state. - Nothing Further (on record, direct from Defendant) (EMD)

Am. Compl., ECF No. 14 at #52-#53. Plaintiff alleges there is video evidence of his claims and asks "the courts to do their jobs and hold accountable those respondible [sic] for violating civil rights of any human being." *Id.* at #55.

## III. DISCUSSION

A claim is frivolous if it is premised on an indisputably meritless legal theory or is clearly lacking any factual basis. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Sections 1915A and 1915(e)(2) accord judges the unusual power to pierce the veil of the complaint's factual allegations and dismiss as frivolous those claims whose factual contentions are clearly baseless. *See Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Examples are claims describing fantastic or delusional scenarios with which federal district judges are all too familiar. *See Neitzke*, 490 U.S. at 328.

To pierce the veil of the complaint's factual allegations means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *See Denton*, 504 U.S. at 32. A frivolousness determination cannot serve as a factfinding process for the resolution of disputed facts. *See*

*id.* A finding of factual frivolousness is only appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them. *See id.* at 32–33. But the complaint may not be dismissed simply because the court finds the plaintiff's allegations unlikely or improbable. *See id.* at 33.

Plaintiff's allegation that President Trump personally came to Kauai and withdrew bone marrow from both of his legs is both irrational and wholly incredible. Accordingly, the amended Complaint and this action are DISMISSED with prejudice. Any pending motions are DENIED. Plaintiff is NOTIFIED that this decision may count as a strike under 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 18, 2020.




/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Abel v. Trump*, No. 1:20-cv-00075 LEK-WRP; scrn'g '20 (FAC dsm act. frivolous)